Dore, J.
The Comptroller of the City of New York appeals from an order of Special Term in a proceeding under article 78 of the Civil Practice Act directing him to comply with orders of the Court of General Sessions of the County of New York and to audit, approve and pay bills for $1,464.50, presented by petitioner, an official stenographer of that court.
Petitioner receives an annual salary fixed by the judges of the court. As part of his duties he was assigned to report on five criminal trials and one hearing between November, 1944, and June, 1945. The trial court at each trial and hearing ordered him to furnish the judge with daily transcripts of the proceedings. Petitioner also subsequently obtained orders containing directions for filing the transcripts with the clerk of the court. Each transcript for which petitioner seeks payment was made simultaneously with the transcript furnished to the district attorney, at his request, for which petitioner received additional fees which have been audited and paid by the comptroller. No additional time or labor was expended in making the daily transcripts furnished to the judge for which further additional payment is sought in this proceeding.
On an opinion from the corporation counsel, the comptroller refused to audit and pay the bills in question herein on the ground that under section 55 of the Code of Criminal Procedure the stenographer is required to furnish without charge to any of the judges any transcripts required for the use of the judge. On the authority of Moynahan v. City of New York (205 N. Y. 181) Special Term held petitioner is entitled to payment.
Section 55 is contained in chapter III of title Y of the Code of Criminal Procedure relating specifically to the Court of General Sessions of the County of New York. So far as relevant section 55 provides that the stenographers of such court shall be entitled to receive, except where otherwise agreed, fees of ten cents for each folio of transcripts furnished by request to the district attorney of the county or when “ any transcripts are required by the court to be filed with the dark thereof n¡ and further *679 expressly provides: “ Each stenographer, however, shall furnish, without charge, to any of the judges of such court any transcripts required for the use of the judge.”
In spite of this express provision of law, petitioner seeks to recover compensation above his fixed annual salary for furnishing daily transcripts of his stenographic notes for use of the judges of the court.
We think the provisions of section 55 of the Code of Criminal Procedure are controlling. As the transcripts were ordered and furnished for the úse of the judges, petitioner has no right to the payment sought. The provisions of section 55 in question were derived from chapter 81 of the Laws of 1888. The affidavit of the examining inspector of the comptroller’s office indicates that payment of fees to stenographers of the Court of General Sessions for transcripts for the use of a judge of that court have never been allowed by any comptroller of the City of New Yqrk either under chapter 81 of the Laws of 1888 or section 55 of the Code of Criminal Procedure. Not controverted in the record, this established and long continued practical construction is entitled to weight.
Petitioner urges that the directions for payment contained in the orders upon which he relies are binding on the comptroller in any event since the transcripts were required to be filed with the clerk of the court by court orders and section 55 requires payment for transcripts required by the court to be filed. We think this provision applies only to transcripts prepared by the stenographer at the direction of the court for the purpose of being filed with the clerk. Except in one case the orders for filing with the clerk were issued after the trials and after the petitioner had furnished the daily transcripts for the use of the judges during the trial. So far as "the record discloses, none of the transcripts in question was taken in connection with any appeal and none was prepared for the sole purpose of being filed with the clerk. They were prepared in the first instance as a daily transcript furnished to the judge. We think it was not contemplated that the copy originally furnished to the judge could thereafter be ordered filed solely to enable the stenographer to secure additional compensation. The copy filed with the judge was the property of the court. On all the facts here disclosed, the filing by petitioner of the judge’s transcript with the clerk of the court is not a legal basis for payment to petitioner of additional fees.
Petitioner urges that sections 299 and 302 of the Judiciary Law read with section 55" control. These provisions of the Judiciary Law apply to official stenographers generally. As *680 indicated above, section 55 of the Code of Criminal Procedure applies specifically to stenographers of the Court of General Sessions. We think the specific provisions of the Code of Criminal Procedure are controlling (Burke v. Kern, 287 N. Y. 203). Sections 299 and 302 were originally sections 85 and 86 of the Code of Civil Procedure, later re-enacted into the Judiciary Law of 1909. Sections 85 and 86 of the Code of Civil Pro-1 cedure were by their terms applicable to stenographers ‘ ‘ specified in this act ”, which did not include stenographers of the Court of General Sessions. Sections 299 and 302 apply to stenographers “ specified in this chapter or the civil practice act ” or other court acts not here relevant. Provisions of the Judiciary Law applicable to General Sessions’ stenographers have been added after 1909, but such provisions were for purposes unrelated to the furnishing of transcripts by stenographers and were not intended to expand the application of sections 299 and 302.
We think the rule in Moynahan v. City of New York (205 N. Y. 181, supra) relied on by petitioner and Special Term is not here applicable. That case involved the construction of section 85 of the Code of Civil Procedure (now Judiciary Law, § 299) which required furnishing without charge to the judge a copy of the stenographic notes “ with all reasonable diligence.” The Court of Appeals construed that phrase as inapplicable to daily transcripts furnished to the judge in contradistinction to transcripts that could be prepared a reasonable time after the notes were taken. No such qualifying language is concerned in section 55 of the Code of Criminal Procedure, here in question. On the contrary that section expressly provides for furnishing without charge to the judges “ any transcripts required for the use of the judge ”. (Italics supplied.) By its terms this language is all-embracing and connotes an unqualified duty applicable to daily as well as to other transcripts. The inherent power of the court is not in issue for there is in this case an express statutory provision “ which by regulating the subject excludes the exercise of this inherent power * # * ” (Moynahan v. City of New York, supra, p. 189).
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the petition dismissed.
Martin, P. J., Callahan and Peck, JJ., concur; Glennon, J., dissents and votes to affirm.
Order reversed, with $20 costs and disbursements to the appellant, and the petition dismissed. Settle order on notice.-