Van Voobhis, J.
 

 Relator has been sentenced under section 483-a of the Penal Law to imprisonment for an indeterminate term, the minimum of which shall be one day and the maximum of which shall be the duration of his natural life. Enacted in 1950, this statute reflects a modern view of how to deal with sexual offenders. They are subjected to observation or treatment by psychiatrists and penologists, and the Board of Parole decides when they can safely be set at large.
 

 This conception is not implemented at all points by the older procedure furnished by the Penal Law and the Correction Law. The question here is whether relator should have been sentenced to State prison, as he was, or to a penitentiary or county jail. He contends that he could not be sentenced to either and, therefore, must go free. Violation of section 483-a is called a felony, and felons ordinarily go to a State prison. It is necessary to determine what is the method provided for enforcement, and whether it was followed by the sentencing Judge.
 

 The difficulty arises from the circumstance that subdivision 2 of section 2182 of the Penal Law says that no person shall be sentenced to a State prison if the minimum term for which he is sentenced be less than one year, and forbids the period of imprisonment in a State prison to be reduced in any case below one year unless by executive clemency. The last provision is also contained in section 2183 of the Penal Law. At first impression, this would appear to prevent relator’s sentence from being executed in the State prison to which he was committed, in view of the circumstance that his minimum term is one day. Upon the other hand, he could not be sentenced to a penitentiary or county jail, since his maximum term is more than one year (Penal Law, §§ 2181, 2182, subd. 1). These statutory conflicts were foreseen and resolved when section 483-a of the Penal Law was passed by chapter 525 of the Laws of 1950, which introduced this new method of punishment and rehabilitation in the case of sexual crimes, and modified the procedure by simultaneously enacting section 212 of the Cor
 
 *374
 
 rection Law. Notwithstanding the clauses in sections 2182 (subd. 2) and 2183 of the Penal Law purporting to prohibit reduction of the period of imprisonment in the State prison below one year, section 212 of the Correction Law provides that: “Every person sentenced to an indeterminate sentence and confined in a state prison, when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, shall be subject to the jurisdiction of the board of parole. The time of his release shall be discretionary with the board of parole, but no such person shall be released until he has served such minimum sentence nor,
 
 except persons serving an indeterminate sentence having a minimum of one day and a maximum of his natural life,
 
 until he shall have served one year. The action of the board of parole in releasing prisoners shall be deemed a judicial function and shall not be reviewable if done according to law. ’ ’ (Italics supplied.)
 

 This section of the Correction Law resolves the conflict. It modifies, in these cases, the direction of subdivision 2 of section 2182 of the Penal Law that no person shall be sentenced to imprisonment in a State prison if the minimum term is less than one year, by expressly providing that indeterminate sentences of one day to life are to be served in State prison, and, in such cases, it also modifies the command in subdivision 2 of section 2182 and section 2183 that the period of imprisonment in a State prison shall not be reduced below one year. This conclusion, which unmistakably results from section 212 of the Correction Law, is not destroyed by section 2500 of the Penal Law stating that the provisions of the Penal Law are not altered by subsequent inconsistent statutes which do not make explicit reference to the earlier law. It is a settled principle that the Legislature cannot declare in advance the intent of subsequent legislation, or its effect upon existing statutes
 
 (Mongeon
 
 v.
 
 People,
 
 55 N. Y. 613;
 
 People
 
 v.
 
 Dwyer,
 
 215 N. Y. 46, 51). After citing this principle in the
 
 Dwyer
 
 case, the court conformed section 2500 of the Penal Law to the principle of statutory construction that “ the courts will not construe a subsequent statute as repealing, altering or amending such former statute unless the intent so to do is clear and unmistakable.” If the intent to amend is clear and
 
 *375
 
 unmistakable, as it is in section 212 of the Correction Law affecting this situation, it is not fatal that the later act does not designate the earlier statute by title and number. Section 212 of the Correction Law does explicitly refer to sections 2182 (subd. 2) and 2183 of the Penal Law by reference to the language contained in them, viz., that no person shall be released
 
 1 ‘
 
 until he shall have served one year ”, conjoined with the necessary new proviso “ except persons serving an indeterminate sentence having a minimum of one day and a maximum of his natural life ”. Without this clause the expressed purpose of the new legislation would be defeated. Section 212 of the Correction Law refers to the earlier sections of the Penal Law by engrafting an exception appropriate to this case upon their phraseology. Were not the dead hand of section 2500 lifted by the enactment of a subsequent Legislature clearly and unmistakably modifying the former provision, the cardinal principle would be violated that no session of the Legislature can bind its successor. As was well said in
 
 People
 
 v.
 
 Cleary
 
 (13 Misc. 546, 549-550) any other interpretation would be to impute to the Legislature gross carelessness or ignorance, which is totally inadmissible, and “ No end of precedents can be cited to sustain the principle that when a revising statute covers the whole subject-matter of antecedent statutes the revising statutes virtually repeal the former enactments without any express provision to that effect.
 
 Butler
 
 v.
 
 Russel,
 
 3 Cliff. (U. S. Circuit) 251;
 
 Patterson
 
 v.
 
 Tatum,
 
 3 Saw. 164;
 
 Daviess
 
 v.
 
 Fairbairn,
 
 3 How. (U. S.) 636;
 
 Norris
 
 v.
 
 Crocker,
 
 13 id. 429;
 
 King
 
 v.
 
 Cornell,
 
 106 U. S. 395;
 
 Heckmann
 
 v.
 
 Pinkney,
 
 81 N. Y. 211;
 
 People
 
 v.
 
 Gold & Stock Tel. Co.,
 
 98 id. 67;
 
 People
 
 v.
 
 Jaehne,
 
 103 id. 182;
 
 In re Southworth,
 
 5 Hun, 55.” Bracketing this type of indeterminate felony sentence with State prison, and adapting the serving of felony sentences to this new concept of punishment and rehabilitation in the case of sexual crime, supports the sentencing of relator by the trial court to a State prison for a term of one day to life, as the Board of Parole shall determine.
 

 The order appealed from should be affirmed.
 

 Chief Judge Conway and Judges Desmond, Dye, Fund, Fboessel and Burke concur.
 

 Order affirmed.