John D. Bennett, S.
This is a motion brought by the executor to fix the amount of compensation of the official court stenographer of this court, who is the respondent herein, for certain services rendered.
The respondent has performed the following services which are the subject of this application (see affidavit of Herald J. *720 Barre, Esq., sworn to Nov. 6, 1962, and submitted in support of the relief requested herein):
(1) Transcript of minutes of motions argued before this court on March 14,1962 and May 24,1962, the original filed with the court and a copy thereof having been sent to Gerald J. Barre, Esq., attorney for the executor. Both motions were brought on by the estate.
(2) Four copies of the transcript of the examination of Ceeile M. Bergold and Cecile F. Bergold Whelan, as subscribing witnesses to the alleged revocation of decedent’s will, pursuant to section 141 of the Surrogate’s Court Act.
(3) Four copies of the transcript of the examination before trial of William B. Bergold and Gerald J. Barre, Esq., pursuant to section 288 of the Civil Practice Act.
The movant herein states that with respect to item (1), no copies of the transcript of the minutes of the motions argued on the dates set forth were ordered by him. None of the facts set forth in the moving papers have been controverted by the respondent and are, therefore, deemed to be true for the purpose of this motion.
■Section 299 of the Judiciary Law states as follows: “ Each stenographer, specified in this chapter or the civil practice act, surrogate’s court act, court of claims act or New York city civil court act, must, upon request, furnish, with all reasonable diligence and without charge, to the judge holding a term or sitting, which he has attended, a copy written out at length from his 'Stenographic notes, of the testimony and proceedings, or a part thereof, upon a trial or hearing, at that term or sitting. But this section does not affect a provision of law authorizing the judge to direct a party or the parties to an action or special proceeding, or the county treasurer, to pay the stenographer’s fees for such a copy.”
With respect to item (1) the first question raised is whether the official court .stenographer is entitled to receive compensation for a transcript of the minutes of an argument of a motion furnished the court. This court interprets section 299 of the Judiciary Law to include the argument of a motion.
Pursuant to the provisions of section 299 of the Judiciary Law, it is the policy of this court to require the official court stenographer to furnish the court with a transcript of the argument of a motion without charge.
Section 30 of the Surrogate’s 'Court Act provides as follows:
“ 1. A stenographer, appointed or acting pursuant to sections twenty-six and twenty-seven of this act, may charge and receive *721 a sum not exceeding ten cents per folio for furnishing a copy of the minutes, proceedings and testimony taken in surrogate’s court to any person who applies for the same.
“ 2. Except where otherwise agreed or when special provision is otherwise made by statute, a stenographer is entitled, for a copy fully written out from his stenographic notes of the testimony required to be made in any proceeding for the record of the surrogate’s court to ten cents for each folio, and the surrogate may order that the fees for such record copy be paid out of the estate to which the proceeding relates.”
With respect to the copy of the transcript of the argument of the motions referred to in item (1) herein furnished the movant, the respondent would be entitled to receive the sum of 10 cents per folio for furnishing “ a copy of the minutes, proceedings and .testimony taken in surrogate’s court to any person who applies for the same ”. Since the movant did not apply for the copy of the transcript sent to him, the court cannot require him to pay for the same.
Item (2) refers to the four copies of the transcript of the examination of the subscribing witnesses pursuant to section 141 of the Surrogate’s Court Act, one copy of which was required by the court and the other three copies were applied for by the estate. The examination constitutes testimony required to be made in a proceeding for the record of the Surrogate’s Court, and in the absence of an agreement to the contrary, the respondent will be entitled to be paid for same at the rate of 10 cents per folio. The respondent herein has not controverted the affidavit of the moving party which states that there was no agreement for the payment of any sum in excess of the statutory fees allowed to the respondent. Therefore the respondent is only entitled to receive payment at the rate of 10 cents per folio per copy for the three transcripts applied for by the estate (see General Construction Law, § 21).
Item (3) concerns copies of the transcript of the examinations before trial of William E. Bergold and G-erald J. Barre, Esq., pursuant to section 288 of the Civil Practice Act. The court finds that for purposes of examinations before trial the respondent; if employed, is employed in a capacity other than that of official court stenographer, and accordingly the provisions of the Surrogate’s Court Act regulating fees do not apply. The transcript of the minutes of examinations before trial do not constitute testimony required to be made in a proceeding for the record of this court. Further, the parties requiring the services of a stenographer for such purposes are not limited to the choice of the official court stenographer.
*722 Since the question of the employment of the respondent in attending the examinations before trial and of performing services with respect thereto is a matter between living persons, this court is without jurisdiction to determine the issue of the value of the services rendered by him with respect to said examinations before trial.
The movant states in his moving papers that the respondent has refused to deliver the transcripts of the examinations of Geeile M. Bergold and Cecile F. Bergold Whelan taken pursuant to section 141 of the 'Surrogate’s Court Act, and of William R. Bergold and Gerald J. Barre, Esq., taken pursuant to section 288 of the Civil Practice Act, even though payment has been made with respect to the transcript of the examination of Gerald J. Barre, Esq. The respondent will be required to file a transcript of the examinations pursuant to section 141 of the Surrogate’s Court Act for the records of the court, and payment for the same shall constitute a charge against the estate. Any additional copy or copies of the section 141 transcript may be obtained upon payment to respondent of the statutory fee of 10 cents for each folio per copy.
For reasons already set forth in this decision with respect to the jurisdiction of this court over matters arising out of the employment of the respondent in connection with services rendered concerning the examination before trial, this court cannot direct the respondent to furnish those transcripts.