In the Matter of ROBERT MICELI, Respondent. RONALD G. SEWARD, as Court Clerk of the Family Court, Monroe County, Petitioner.

Fourth Department, December 17, 1976

*William J. Stevens,* County Attorney *(Joseph C. Pilato* of counsel), for petitioner.

*Brennan, Centner, Palermo & Blauvelt (Thomas E. Gold-man* of counsel), for respondent.

*Per Curiam.* Under date of June 15, 1976 petitioner, Ronald G. Seward, Clerk of Family Court of Monroe County, filed and served notice and statement of charges against respondent, Robert Miceli, a court reporter who has been employed in that court for several years. Respondent was charged with making unauthorized telephone toll calls, unrelated to his employment, from the telephones in the offices of the Family Court and also from his home telephone and other telephones away from the Hall of Justice and charging them to various telephones in the Family Court. He was further charged with making inconsistent, untruthful answers to his superiors in Family Court with respect to said calls, when interrogated about them during an investigation instituted when the County Manager complained to petitioner about excessive toll calls from that office. In addition, respondent was charged with incompetence in respect of the bases for his billing for transcripts of court minutes and was charged with deliberately misrepresenting to the county the extent of the transcripts for which he billed the county, thereby obtaining excessive compensation for such transcripts. Respondent retained counsel and filed an answer denying the charges. Pursuant to Administrative Board Rules (22 NYCRR 25.32) Presiding Justice MARSH designated Peter J. Ryan as a deputy of this court to hear the issues presented by the above charges and answer. Hearing Officer Ryan conducted such hearing on August 31 and September 1, 1976, at which respondent did not testify, and on November 18, 1976 he filed his report and

recommendations that respondent be disciplined. Respondent thereafter waived his right to appear before the hearing officer to present arguments with respect to the report; and the report was then duly filed with the clerk of this court for disposition.

Although there were charges of many improper telephone toll calls by respondent charged to Family Court telephones, the hearing officer found that only a few of them were actually proved. He found, however, that some of the toll calls to a telephone in Livonia, New York, listed in the name of another person of the same family name as respondent, were improperly charged to the county by respondent, and that many calls were made by respondent from his home telephone and from a telephone of a relative and were improperly charged to Family Court telephones. The evidence shows that although at first respondent denied making such calls and gave inconsistent, untruthful answers about them, when he was confronted with the fact that the telephone company computer tied the calls to him as charged, he admitted them. He has repaid the county for most of those calls, and the hearing officer found that he still owes the county only the sum of $15.26 therefor. We accept and approve of that determination.

With respect to transcripts of court proceedings, the evidence shows, and the hearing officer found, that respondent was guilty of misfeasance, as opposed to malfeasance; that he did not know what constitutes a "folio", which was the basic unit upon which his charges for transcripts were made, he acting upon the assumption that there were two and one-half folios per page whereas there are only two (22 NYCRR 1027.3 [c]). The evidence also shows that in many instances respondent was making transcripts with too few lines per page and with margins much too wide (see 22 NYCRR 1027.2), resulting in an excessive number of pages per transcript. The evidence also shows that although the senior court reporter for Family Court had specifically advised respondent that when he furnished to a party a transcript of the testimony in a case he must supply a copy without charge to the Judge who heard the case (see Judiciary Law, § 299), respondent consistently charged the county for the copy furnished to the Judge. At petitioner's request respondent has repaid the county for some of these excessive charges. The hearing officer found that he still owes the county by reason thereof the sum of $20.70.

Upon the evidence submitted, we accept the report in this respect and adopt it.

It is apparent that the items of improper and excessive charges made by respondent to the county, insofar as they were established, were not of large amounts. In addition to them, however, is the matter of respondent's false answers and misrepresentations to petitioner and the Administrative Judge of Family Court, Judge PINE, when confronted with the charges of improper toll charges made by him to the county, and also the matter of respondent's incorrect computations of the number of folios in his transcripts and knowing improper charges for transcripts which he was required to furnish to the Judges without charge but for which he billed the county and accepted payment. Even crediting respondent with ignorance as to the number of folios per page, it is clear that he improperly composed transcript pages and dishonestly charged the county for excessive numbers of folios and pages.

In addition to being required to reimburse the county for the remaining telephone toll calls ($15.26) and for the remaining overcharges for transcripts ($20.70) as above stated, respondent shall be suspended for 60 days without pay, besides the 30 days' suspension without pay imposed upon him by petitioner when the charges were filed against him (see Civil Service Law, § 75, subd 3; 22 NYCRR 25.32 [c]; *Matter of Trotner v Bartlett,* 54 AD2d 655).

MARSH, P. J., MOULE, CARDAMONE, SIMONS and DILLON, JJ., concur.

Respondent unanimously suspended for 60 days without pay in accordance with *Per Curiam* opinion.