*201 OPINION OF THE COURT
Kaye, J.
Two sections of the Judiciary Law are brought under scrutiny by this appeal, both apparently governing whether court reporters should be compensated for stenographic transcripts requested by Judges for their own use. Judiciary Law § 299[1] requires that such transcripts be furnished free of charge, and *202 Judiciary Law § 302[2] provides that stenographers are entitled to fees. Plaintiffs (senior court reporters in the Fifth Judicial District) challenge directives issued by defendants-appellants (the Chief Administrator of the Courts and the District Administrative Judge) to the effect that transcripts ordinarily be ordered for free pursuant to section 299, premising their challenge, first, on the lack of continuing viability of section 299 and, second, on unconstitutional deprivation of property. We conclude, contrary to the Appellate Division, that section 299 is neither repealed nor illegal, and we therefore reverse the Appellate Division order and grant judgment to defendants.
Following enactment of the Unified Court Budget Act of 1976 (Judiciary Law § 39), approximately 8,500 locally paid court employees were transferred to the State payroll, and a uniform classification plan was adopted. Consistent with this plan, senior court reporters are generally responsible for recording testimony in certain courts, preparing transcripts and providing them to interested parties, and other related duties. Senior court reporters, in addition to their salaries and benefits as State employees, receive compensation from the private sale of transcripts recorded in their official capacity. What is principally in issue in this action is neither the privately sold transcripts nor the statutorily mandated transcripts, but transcripts furnished to Judges at their request, for their own use.
Shortly after the State assumed responsibility for costs, concern was expressed over rising transcript fees. In response, the Office of Court Administration asked Judges to order transcripts for their own use under Judiciary Law § 299 whenever possible, and to limit requests under Judiciary Law § 302 to daily and expedited copy, plea minutes pursuant to Penal Law § 70.02 (5) (c) and sentencing minutes pursuant to *203 CPL 380.70. Implementing this request, on May 12, 1981 the Administrative Judge for the Fifth Judicial District (defendant William R. Roy) issued the following directive:
"All judges and justices in the Fifth Judicial District are encouraged not to require transcripts of civil or criminal proceedings.
"If a transcript is required, it will be ordered without charge to the State pursuant to § 299 of the Judiciary Law. The State will continue to pay for sentencing minutes pursuant to § 302 of the Judiciary Law until further notice.”
On September 11, 1981, a second memorandum advised:
"From now on invoices for stenographic services will be processed under the following rules * * *
"5. Under no circumstances will reporters be paid for Minutes, requested by or supplied to a judge of any court except Sentencing Minutes as set out in my memorandum of May 12, 1981.”
Although the directives specified only sentencing minutes, it is undisputed that the Judges, and the plaintiffs, have been informed that payment may be provided as well for daily or expedited transcripts and plea minutes.
Plaintiffs — 12 senior court reporters — commenced this action for a declaratory judgment that Judiciary Law § 299 is void and defendants’ directives illegal, and for damages and an injunction. On plaintiffs’ motion for summary judgment, Supreme Court, Monroe County, held that the two statutes are not in conflict and that section 299 is constitutional, but sua sponte concluded that the various directives impermissibly interfered with the discretion of Trial Judges in ordering transcripts. The Appellate Division reversed, holding that sections 302 and 299 could not be reconciled and that section 299 was impliedly repealed. We granted leave to appeal and now reverse.
Judiciary Law § 299 is derived from section 85 of the Code of Civil Procedure, the Throop Code (L 1876, ch 448, § 85). Except for minor modifications relevant to this action only because they were made, section 299 is today virtually identical to section 85 of the Code of Civil Procedure (L 1909, ch 35; L 1941, ch 290, § 20; L 1945, ch 649, § 149 [renum]; L 1962, ch 695, §21).
Section 302 is derived from section 86 of the Code of Civil Procedure (L 1876, ch 448, § 86). In material part it originally *204 provided: "If the district-attorney or the Attorney-General requires such a copy, in a criminal cause, the stenographer is entitled to his fees therefor”. In their inception, the two sections were consistent on their face — section 85 (now § 299) applying to the Judges’ transcripts, which were free, and section 86 (now § 302) pertaining to transcripts furnished other parties, for which fees might be imposed. However, section 302 has undergone two significant amendments, giving rise to the present difficulty. First, an apparent inconsistency was introduced in 1906, when section 86 was enlarged to include "the judge presiding at a trial in a criminal cause” (L 1906, ch 388). Second, in 1936, the section was again expanded to specify that stenographers are entitled to fees for Judges’ copies in civil as well as criminal cases (L 1936, ch 165, § 1). Minor modifications were thereafter made to section 302, as they were to section 299 (L 1941, ch 290, § 22; L 1945, ch 649, § 151 [renum]; L 1962, ch 310, § 228; L 1962, ch 695, § 22; L 1962, ch 889, § 2; L 1964, ch 960, § 5).
The nub of plaintiffs’ argument, accepted by the Appellate Division, is that the 1936 amendment of what is now section 302 — providing that the stenographer is entitled to fees for transcripts furnished to Judges in civil as well as criminal cases — impliedly repealed what is now section 299 because it left the two statutes in irreconcilable conflict. We cannot agree.
Repeal by implication is distinctly not favored in the law. Obviously, the judiciary should not lightly infer that the Legislature has repealed one of its own enactments when it has failed to do so expressly; the Legislature is hardly reticent to repeal statutes when it means to do so. Generally, a statute is deemed impliedly repealed by another statute only if the two are in such conflict that it is impossible to give some effect to both. If a reasonable field of operation can be found for each statute, that construction should be adopted (see, Ball v State of New York, 41 NY2d 617, 622; People v Newman, 32 NY2d 379, 389, cert denied 414 US 1163; Matter of Board of Educ. v Allen, 6 NY2d 127, 141-142; Cimo v State of New York, 306 NY 143, 148-149; Peterson v Martino, 210 NY 412, 418; McKinney’s Cons Laws of NY, Book 1, Statutes § 391). These principles apply with particular force to statutes relating to the same subject matter, which must be read together and applied harmoniously and consistently (Matter of Guardian Life Ins. Co. v Chapman, 302 NY 226, 231; Matter of Schriro v New York State Teachers’ Retirement Bd., 63 AD2d *205 751). Moreover, as to statutes enacted in a single legislative session, there is a presumption against implied repeal; the Legislature would hardly repeal a fresh enactment without doing so expressly (see, County of Saratoga v Saratoga Harness Racing Assn., 4 NY2d 622, 627; McKinney’s Cons Laws of NY, Book 1, Statutes § 393). The same may be said of amendments made by the Legislature to two statutes in the same session.
Legislative intent is of course paramount in determining whether there has been implied repeal of a statute (McKinney’s Cons Laws, Book 1, Statutes § 392). Here, there is no clear evidence that the Legislature intended to repeal section 299. The Legislature’s continuing amendment of an allegedly superseded law would strongly indicate that there is no intent to repeal it (see, Carroll v McArdle, 216 NY 232; Matter of Westchester Light. Co. v Sewer Commrs., 219 App Div 377, 381). Section 299 has been amended several times since 1936. Significantly, amendments to section 299 have been contained in the very same chapter as amendments to section 302, indicating the Legislature’s recognition of the continuing viability of both statutes. Thus, the evidence of legislative intent speaks against plaintiffs’ contention: since 1936, section 299 has both been amended by the Legislature and applied by the courts to transcripts ordered by Judges (see, Matter of Miceli v Seward, 55 AD2d 96; Matter of Bergold, 37 Misc 2d 719).
Moreover, a reasonable field of operation can be found for each statute.
While in a different context, this court in Moynahan v City of New York (205 NY 181) suggested the means to harmonize both statutes. In Moynahan, which arose before the 1906 amendment of section 86 (now § 302) permitting fees for transcripts furnished to Judges in criminal cases, the locality responsible for court expenses refused to pay for daily copy of a criminal trial transcript that had been ordered by the Judge. This court concluded that, while there was no statutory authority for payment, the Trial Judge had inherent authority under section 85 (now § 299) to order daily copy, but in such a case the stenographer was entitled to be paid for the extraordinary efforts necessitated by the request. The court explained that section 85 applied "where the stenographer at his reasonable convenience and under ordinary circumstances after a case has been closed, writes out his minutes and furnishes a transcript thereof, and it should not be held to require a stenographer to furnish without compensation a daily copy *206 under a much greater strain and at much larger expense than would be incident to writing out minutes at his leisure. Therefore, if a judge presiding at a trial felt it necessary to have a transcript from day to day a stenographer would be entitled to reasonable compensation because of the greater work and greater expense incurred in providing such copy.” (Id., at pp 189-190.)
Significantly, the distinction drawn in Moynahan concerned not the nature of the action — civil or criminal — but the nature of the transcript ordered, and the required extraordinary service involved in daily copy. We underscored that "[a]s indicating public appreciation of the necessity liable to arise for possession from day to day of a transcript of the evidence by the presiding judge in a criminal case, it is to be noted that the statute now removes any question concerning his right thereto by providing that the same shall be supplied at public expense.” (Id., at p 190.)
Thus, where Judges request transcripts imposing the extraordinary demand of daily or expedited copy, compensation at public expense is contemplated by section 302. Correlatively, where regular transcripts are in issue — those which can be supplied under ordinary circumstances after the conclusion of the proceedings — section 299 requires that they be furnished without charge. This distinction suggested by Moynahan leaves a field of operation for each statute. Given that there has been no express repeal, that the Legislature has evidenced its intent to keep both sections alive by continuing to amend both, and that some separate field of operation can be found for each, we conclude that Judiciary Law § 299 remains viable, and that the various communications in issue relating to free transcripts are within its scope.
Nor can we agree with the courts below that there has been either an unconstitutional or an impermissible usurpation of authority by defendants. On our reading of sections 299 and 302 of the Judiciary Law, it is the statutes and not the defendants that direct when stenographers should receive additional compensation for Judges’ transcripts. No other contention is before us on this appeal.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court, *207 Monroe County, for entry of a declaratory judgment in accordance with this opinion.
Judges Simons, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler and Judge Bellacosa taking no part.
Order reversed, etc.

."§ 299. Stenographers must furnish gratuitously copies of proceedings to judges
"Each stenographer * * * must, upon request, furnish, with all reasonable diligence and without charge, to the judge holding a term or sitting, which he has attended, a copy written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon a trial or hearing, at that term or sitting. But this section does not affect a provision of law authorizing the judge to direct a party or the parties to an action or special proceeding, or the county treasurer, to pay the stenographer’s fees for such a copy.”

. "§ 302. Stenographers must furnish copies of proceedings.
* ** *
"2. In any civil or criminal case, if the district attorney, the attorney-general or the judge presiding at trial, or any appellate court or judge thereof, requires such a copy, the stenographer is entitled to fees therefor; but he must furnish it, upon receiving a certificate of the sum to which he is entitled. The amount thereof must be paid by the treasurer of the county or city, as the case may be, where the trial or hearing is held, upon the certificate of the district attorney, attorney-general, the judge presiding at the trial or hearing, or the appellate court or judge thereof, from the court fund, or the fund from which jurors are paid, or from any other available fund.”