[646 NYS2d 578]

In the Matter of PHARMACEUTICAL SOCIETY OF THE STATE OF NEW YORK, INC., Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.

Third Department, July 25, 1996

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C.,* Albany *(Eileen M. Considine* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Andrea Oser* of counsel), for respondents.

## OPINION OF THE COURT

CREW III, J. P.

Petitioner is a professional association representing approximately 2,000 pharmacists in the State. In April 1992, the Legislature amended Social Services Law § 367-a (6) to establish a copayment program for its Medicaid prescription drug plan *(see,* L 1992, ch 41, § 91), pursuant to the terms of which the State was permitted to reduce its share of the cost of providing prescription drugs to qualified Medicaid recipients by a copayment that the provider, in turn, could charge to the recipient directly. The amount of the copayment, which cannot exceed the maximum amounts set by Federal law and regulations, generally ranges from 50 cents to $3, depending upon the drug or service provided *(see,* Social Services Law § 367-a [6] [c] [i]), and providers cannot deny services to a qualified recipient due to his or her inability to pay the copayment *(see,* Social Services Law § 367-a [6] [a]). In conjunction therewith, respondent Department of Social Services (hereinafter DSS) and its Commissioner promulgated regulations implementing the copayment program *(see,* 18 NYCRR 360-7.12), effective May 19, 1993.

Thereafter, in September 1993, petitioner commenced an action in the United States District Court for the Northern District of New York seeking to enjoin DSS' implementation of the copayment program contending, *inter alia,* that the program was preempted by the Omnibus Budget Reconciliation Act of 1990 *(see,* 42 USC § 1396r-8 [e] [hereinafter OBRA]) which, between January 1, 1991 and December 31, 1994, imposed a moratorium upon any reduction in the reimbursement payments made to providers by States otherwise in compliance with applicable Federal law. Petitioner also argued that various provisions of the State Administrative Procedure Act had been violated with respect to the promulgation of 18 NYCRR 360-7.12. Ultimately, although declining to exercise pendent jurisdiction over petitioner's State law claims, District Court granted petitioner partial summary judgment, concluding that the copayment scheme violated the moratorium imposed by OBRA *(see, Pharmaceutical Socy. v New York State*

*Dept. of Social Servs.*, 1994 WL 33369 [ND NY, Jan. 18, 1994, Cholakis, J.]). On appeal, the Second Circuit Court of Appeals affirmed in part and reversed in part, agreeing that the copayment program indeed reduced the State's reimbursement to providers and, hence, violated OBRA (*see, Pharmaceutical Socy. v New York State Dept. of Social Servs.*, 50 F3d 1168). Noting, however, that OBRA applied only to States "otherwise in compliance" with applicable Federal law, the Second Circuit remanded the matter to District Court to determine whether this threshold issue had been satisfied. Before such a determination could be made, however, the moratorium imposed by OBRA expired, rendering petitioner's claim thereunder moot, and the parties entered into a stipulation of discontinuance with respect to that action.

Thereafter, on July 18, 1995, respondents issued a directive to all participating Medicaid pharmacists advising them that the copayment program would be implemented on September 1, 1995. One month later, petitioner commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia*, to enjoin respondents' implementation and enforcement of the copayment program, contending that Social Services Law § 367-a (6) conflicted with Social Services Law § 367-a (9), the latter of which mandated that providers be reimbursed specific sums for the drugs dispensed. Following joinder of issue, Supreme Court dismissed the petition, finding no conflict between Social Services Law § 367-a (6) and (9). Supreme Court further concluded that the balance of petitioner's claim, relating to respondents' alleged violation of various provisions of the State Administrative Procedure Act, was time barred. This appeal by petitioner followed.

As amended by the Legislature in 1992 (*see*, L 1992, ch 41, § 91), Social Services Law § 367-a (6) provided, with respect to prescription drugs, that: "Notwithstanding any inconsistent provision of law, payment for claims for services * * * furnished to eligible persons under this title * * * shall be reduced in accordance with the provisions of paragraph (c) of this subdivision by an amount not to exceed the maximum amount authorized by federal law and regulations as a co-payment amount, which co-payment amount the provider of such services may charge the recipient, provided, however, [that] no provider may deny such services to an individual eligible for services based on the individual's inability to pay the co-payment amount."

In 1994, the Legislature further amended Social Services Law § 367-a by adding a new subdivision (9) to fix the total

payments that a participating provider may receive for prescription drugs (see, L 1994, ch 170, § 456). Specifically, the statute provided that: "Notwithstanding any inconsistent provision of law or regulation to the contrary, for those drugs which may not be dispensed without a prescription as required by [Education Law § 6810] and for which payment is authorized pursuant to [Social Services Law § 365-a (2) (g)], payments under the title shall be made at [certain specified amounts]. The amounts specified under the statute consist of payment for the ingredient cost of the drug to the pharmacist, unless the Federal Government has fixed an upper limit for reimbursement of a particular drug, plus a dispensing fee (see, Social Services Law § 367-a [9] [b], [d]). Petitioner argues on appeal that this latter amendment evidences an intent upon the part of the Legislature to effectively repeal Social Services Law § 367-a (6), thereby rendering respondents' copayment scheme invalid.

Based upon our review of the record and the statutory scheme, we agree—albeit for reasons other than those expressed by Supreme Court—that the Legislature, in amending Social Services Law § 367-a (9), did not intend to repeal Social Services Law § 367-a (6).[1] As a general proposition, "[r]epeal by implication is distinctly not favored in the law" (Alweis v Evans, 69 NY2d 199, 204). To that end, "[a]bsent an express manifestation of intent by the Legislature—either in the statute or the legislative history—the courts should not presume that the Legislature has modified an earlier statutory grant of power to an agency" (Matter of Consolidated Edison Co. v Department of Envtl. Conservation, 71 NY2d 186, 195), particularly where the statutes in question relate to the same subject matter (see, supra; Alweis v Evans, supra).

Here petitioner, relying upon the "[n]otwithstanding any inconsistent provision of law or regulation to the contrary" clause contained in Social Services Law § 367-a (9), contends that such language clearly manifests the Legislature's intent to override or repeal Social Services Law § 367-a (6), which was

---

1. Supreme Court, relying upon the "[n]otwithstanding any inconsistent provision of law" language contained in Social Services Law § 367-a (6) (a) and rejecting any assertion that such language may supersede only existing laws, concluded, in essence, that Social Services Law § 367-a (6) prospectively overruled Social Services Law § 367-a (9). We cannot agree. Not only is it well settled that "no session of the Legislature can bind its successor" (People ex rel. Schaap v Martin, 6 NY2d 371, 375), but adopting Supreme Court's interpretation would render the "[n]otwithstanding any inconsistent provision of law" language completely meaningless.

enacted two years earlier. We cannot agree. Although the Legislature indeed amended Social Services Law § 367-a (9) in 1994 to fix the total payments made to participating providers (see, L 1994, ch 170, § 456), it simultaneously extended the effective date of Social Services Law § 367-a (6) from April 1, 1995 to July 1, 1995 (see, L 1994, ch 170, § 466).[2] In this regard, the Court of Appeals has instructed that where the Legislature enacts or amends two statutes in a single legislative session, there is a presumption against implied repeal (Alweis v Evans, supra, at 205). Given the circumstances present here, we simply cannot conclude that the Legislature intended its amendment to Social Services Law § 367-a (9) to override or repeal Social Services Law § 367-a (6).[3]

Support for our conclusion in this regard may be found both in the parties' submissions to this Court and the relevant legislative materials. As the parties acknowledge, DSS' payment methodology had long been the subject of litigation, and Social Services Law § 367-a (9) represented a settlement between petitioner and respondents, in the context of the Federal court litigation, as to the maximum payment authorized by Federal regulations. At the time of the amendment to Social Services Law § 367-a (9) in June 1994, District Court had determined that the State's copayment scheme violated the moratorium imposed by OBRA and DSS' appeal was pending in the Second Circuit (see, Pharmaceutical Socy. v New York

---

**2.** The effective date of this provision subsequently was extended to July 1, 1997 (see, L 1995, ch 81, § 98 [eff June 20, 1995]). Petitioner, in support of its claim that Social Services Law § 367-a (9) effectively repealed respondents' copayment scheme as it applied to prescription drugs and in an effort to discount the effect of these subsequent extensions, contends that inasmuch as copayments also applied to services other than prescription drugs, such extensions may be interpreted as applying only to those "other services". Our review of the relevant statutory materials, however, fails to disclose any support for petitioner's argument on this point. Had the Legislature intended, following the 1994 amendment to Social Services Law § 367-a (9), to exclude only prescription drugs from the copay provisions contained in Social Services Law § 367-a (6), it surely would have expressed its intent in a manner less convoluted than that now advanced by petitioner (see generally, Alweis v Evans, supra, at 204 ["the Legislature is hardly reticent to repeal statutes when it means to do so"]).

**3.** Laws of 1994 (ch 170, § 564 [57] [d]) provides, in relevant part, that "nothing contained in [L 1994, ch 170, §§ 447-472] shall be deemed to affect the application, qualification, expiration or repeal of any provision of law amended by any of such sections and such provisions shall be applied or qualified or shall expire or be deemed repealed in the same manner, to the same extent and on the same date as the case may be as otherwise provided by law".

*State Dept. of Social Servs.*, 50 F3d 1168, *supra*). As OBRA, the only recognized impediment to the State's copayment scheme, was not due to expire for another six months, an adverse ruling from the Second Circuit no doubt would have placed the State's Medicaid funding in serious jeopardy.

It was against this backdrop that the Legislature amended Social Services Law § 367-a (9), and it is apparent from a review of the accompanying legislative materials that such amendment essentially was intended as a stop-gap measure (*see*, L 1994, ch 170, § 564 [57] [c]). In other words, while the moratorium imposed by OBRA was in effect, the State had little choice but to act precisely as it did by preserving the Federally mandated levels of reimbursement. That the State was required to act in a "fiscally neutral" manner during the effective period of OBRA did not, however, forever obligate it to maintain the same levels of reimbursement following the expiration of OBRA's moratorium (*see*, L 1994, ch 170, § 564 [57] [c]). Thus, we interpret Social Services Law § 367-a (9) as being intended to do nothing more than bring the State into compliance with the Federal regulations then in existence, leaving Social Services Law § 367-a (6) intact and the State free to resume its copayment scheme upon the expiration of OBRA in December 1994, which is precisely what occurred.

Petitioner's remaining contentions have been examined and found to be lacking in merit.

WHITE, YESAWICH JR., PETERS and SPAIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.