█ In the Matter of ANN-MARIE FITZPATRICK et al., Respondents, v COUNTY OF ORANGE et al., Appellants. [14 NYS3d 489]—

In a proceeding pursuant to CPLR article 78 to review Orange County Legislature Resolution No. 98 of 2014, approved April 9, 2014, inter alia, authorizing the formation and organization of the Orange Valley View Development Corporation and the transfer thereto of the Valley View Center for Nursing Care and Rehabilitation facility, the County of Orange, Orange County Legislature, Steven M. Neuhaus, and Orange Valley View Development Corporation appeal from (1) a decision of the Supreme Court, Orange County (Slobod, J.), dated June 16, 2014, and (2) an order and judgment (one paper) of the same court dated July 22, 2014, which, upon the decision, denied their motion pursuant to CPLR 3211 and 7804 or, alternatively, CPLR 3212, in effect, to deny the petition, granted the petition, and annulled the resolution.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

On April 9, 2014, the appellant Orange County Legislature (hereinafter collectively with the other appellants, the County) approved Resolution No. 98 of 2014 (hereafter the resolution), which, in relevant part, authorized the transfer of the Valley View Center for Nursing Care and Rehabilitation facility (here-

after the facility) to the appellant Orange Valley View Development Corporation, a local development corporation established pursuant to N-PCL 1411. The resolution was approved by a simple majority vote of 12 out of 21 legislators.

The petitioners, who were either residents or employees of the facility, commenced this proceeding pursuant to CPLR article 78, inter alia, to annul the resolution on the ground that the County failed to comply with the two-thirds majority voting requirement set forth in County Law § 215 (5). The Supreme Court granted the petition and annulled the resolution. We affirm.

Contrary to the County's contention, the provisions of N-PCL 1411 (d) neither expressly nor impliedly repeal the two-thirds majority voting requirements set forth in County Law § 215 (5) with respect to transfers by the County of real property to a local development corporation.

While N-PCL 1411 (d) (2) expressly repeals any general, special, or local law, charter, or ordinance that would otherwise subject to appraisal, public notice, or public bidding the sale or lease of the facility to a local development corporation (*see* County Law § 215 [6]), or would otherwise limit the term of such lease to five years (*see* County Law § 215 [4]), it does not purport to repeal the provisions of County Law § 215 (5), which require the affirmative vote of two thirds of the total membership of the County Legislature in order to sell or convey, by way of resolution, all of the County's right, title, and interest in unused real property to a third party.

The mere reference, in N-PCL 1411 (d) (1), to the County's right to act "by resolution" to sell or lease unused real property to a local development corporation is insufficient to effect an implicit repeal of County Law § 215 (5). " 'Repeal by implication is distinctly not favored in the law . . . Generally, a statute is deemed impliedly repealed by another statute only if the two are in such conflict that it is impossible to give some effect to both' " (*Matter of Town of Brookhaven v New York State Bd. of Equalization & Assessment*, 88 NY2d 354, 361 [1996], quoting *Alweis v Evans*, 69 NY2d 199, 204 [1987]). Here, the reference in N-PCL 1411 (d) (1) to a "resolution" is not inconsistent with the separate requirement, under County Law § 215 (5), that such resolution be adopted by a two-thirds majority.

In light of our determination, we decline to reach the parties' contentions with respect to the petitioners' second cause of action.

The County's remaining contentions are without merit.

Accordingly, the Supreme Court correctly denied the County's

motion, in effect, to deny the petition, granted the petition, and annulled the resolution. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.