OPINION OF THE COURT
Eugene W. Bergin, J.
Action was commenced by 12 Senior Court Reporters in the Fifth Judicial District, against Honorable Herbert B. Evans, former Chief Administrative Judge of the State of New York, and Honorable William R. Roy, Administrative Judge for the Fifth Judicial District. Plaintiffs seek a declaratory judgment declaring that section 299 of the Judiciary Law, which requires that court reporters furnish Judges with free copies of transcripts upon request, conflicts with section 302 of the Judiciary Law, which provides for payment to them for transcripts provided for Judges, and is therefore unconstitutional in violation of section 6 of article I of the New York State Constitution and the Fourteenth Amendment to the United States Constitution. Plaintiffs seek judgment (1) declaring section 299 of the Judiciary Law unconstitutional, and (2) enjoining defendants from requiring plaintiffs to furnish free copies of transcripts to Judges, and (3) awarding plaintiffs money damages for transcripts furnished to Judges free of charge since May 12, 1981.
*628 Section 299 of the Judiciary Law provides: “Each stenographer * * * must, upon request, furnish, with all reasonable diligence and without charge, to the judge holding a term or sitting, which he has attended, a copy written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon a trial or hearing, at that term or sitting. But this section does not affect a provision of law authorizing the judge to direct a party * * * or the county treasurer, to pay the stenographer’s fees for such a copy.”
Section 302 of the same law provides in pertinent parts: “2. In any civil or criminal case, if the * * * judge presiding at the trial * * * requires such a copy, the stenographer is entitled to his fees therefor”.
These two sections in substance have coexisted in the Judiciary Law since 1909. It is clear to this court that the laws are not in conflict, and that it was clearly the Legislature’s intent to let the trial court, in its sound discretion, determine if the transcripts should be ordered under section 299 free of charge, or under section 302 whereby the stenographer would be reimbursed. The court in exercising its discretion would consider the amount of transcript required, the necessity for speed in supplying the transcripts and the costs and time required to be expended by the stenographer in complying with the request.
The fact that these two sections can be reconciled was noted by the Court of Appeals in Moynahan v City of New York (205 NY 181) decided in 1912.
While the court decided in the Moynahan case that payment was proper since the court requested expedited transcripts, this is not and should not be considered as the sole determining factor that the court may use in exercising its discretion in determining which section of the Judiciary Law it should invoke.
Having reconciled the two sections of law, this court finds without merit the arguments that section 299 of the Judiciary Law is unconstitutional and therefore upholds the constitutionality of the said law.
The real issue in this lawsuit tests the authority of the Office of Court Administration (OCA) to issue directives to Trial Judges mandating them to request transcripts under *629 section 299 of the Judiciary Law and forbidding them to order transcripts pursuant to section 302 of the Judiciary Law. The court notes that similar directives have been promulgated by the Administrative Judges throughout the State at the suggestion of the Office of Court Administration. However, apparently Trial Judges in the First Judicial Department are exempt from this mandate and they are free to request transcripts under section 302 which would allow payment to those court reporters working in the First Judicial Department.
The defendants in their argument and brief point out that the State Legislature expressed concern over rising transcript costs and thus the directives from the Office of Court Administration were issued as a reflection of the legislative concern. However, it is apparent that the legislative concern had not risen to such a degree that it would have been possible to amend or repeal section 302 of the Judiciary Law. The Legislature could have done so; it did not.
The directive by Justice Roy and other Administrative Justices attempts to remove from the discretion of the Trial Justice which section of the law (§ 299 or § 302) should be invoked. The Administrative Judges and OCA cannot in effect by directive repeal or amend a valid constitutional law giving such discretion to the Trial Justices. It is also noted that even if OCA had such authority it should be uniform in all districts. It is inherently wrong that stenographers in the First Department should be paid while others doing the same transcribing in the other departments should not be paid. It is clearly the legislative intent to give this discretion to the individual Trial Judge. If any Judge should unlawfully abuse that discretion it would be a proper subject for review. Therefore, it is this court’s decision that the defendants should be enjoined from enforcing any directive which seeks to remove the trial court’s discretion, given by lawful statute. An examination of article 7-A of the Judiciary Law (§§ 211-216) shows that there is no authority given the administrative officers to take away from the Trial Judges what the legislators by law have given.
*630 Plaintiffs’ claim for money judgments must be denied. Claims for money judgments against the State should properly be litigated in State Court of Claims.
It is therefore the decision of this court that section 299 of the Judiciary Law is constitutional; the directive issued by Honorable William R. Roy, Administrative Judge of the Fifth Judicial District, dated May 12, 1981 is hereby declared null and void as are all directive orders issued by an Administrative Judge or Justice of this State, which directive or order seeks to compel a Trial Judge or Justice to order a transcript of any proceeding pursuant to a specific section of the Judiciary Law; and that plaintiffs’ claim for monetary damages should be dismissed.