EDWARD J. ALWEIS et al., Respondents, v HERBERT B. EVANS, as Chief Administrator of the Courts, Office of Court Administration, et al., Appellants.

Fourth Department, January 24, 1986

### APPEARANCES OF COUNSEL

*Michael Colodner (Megan Tallmer* of counsel), for appellants.

*Earl P. Boyle* for respondents.

### OPINION OF THE COURT

BOOMER, J.

Plaintiffs, senior court reporters in the Fifth Judicial District, brought this action against both the Chief Administrative Judge of the State of New York and the Administrative Judge of the Fifth Judicial District seeking relief against administrative directives requiring them to furnish transcripts free of charge upon request of a Judge.

The issue presented stems from a conflict between two sections of the Judiciary Law. Section 299 provides: "Each stenographer * * * must, upon request, furnish, with all reasonable diligence and without charge, to the judge holding a term or sitting, which he has attended, a copy written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon a trial or hearing, at that term or sitting. But this section does not affect a provision of law authorizing the judge to direct a party or the parties to an action or special proceeding, or the county treasurer, to pay the stenographer's fees for such a copy." Section 302 (2), on the other hand, states: "In any civil or criminal case, if the * * * judge presiding at the trial * * * requires such a copy, the stenographer is entitled to his fees therefor; but he must furnish it, upon receiving a certificate of the sum to which he is entitled. The amount thereof must be paid by the treasurer of the county or city, as the case may be, where the trial or hearing is held, upon the certificate of * * * the judge presiding at the trial or hearing". Thus, section 299 requires a stenographer to furnish transcripts to a Judge "without charge" and section 302 (2) provides that the stenographer "is entitled to his fees therefor".

Precipitating this litigation were two administrative directives. On May 12, 1981, Justice Roy, the Administrative Judge for the Fifth Judicial District, at the request of the Chief Administrative Judge, issued the following directive:

"All judges and justices in the Fifth Judicial District are

encouraged not to require transcripts of civil or criminal proceedings.

"If a transcript is required, it will be ordered without charge to the State pursuant to § 299 of the Judiciary Law. The State will continue to pay for sentencing minutes pursuant to § 302 of the Judiciary Law until further notice."

By memorandum dated September 11, 1981, Justice Roy further directed:

"From now on, invoices for stenographic services will be processed under the following rules * * *

"5. Under no circumstances will reporters be paid for Minutes requested by or supplied to a judge of any court except Sentencing Minutes as set out in my memorandum of May 12, 1981."

By their complaint, the court reporters sought, among other things, a judgment, declaring that Judiciary Law § 299 is void, and enjoining the defendants from requiring court reporters to furnish copies of transcripts to Judges free of charge. On plaintiffs' motion for summary judgment Special Term declared that sections 299 and 302 are not in conflict, and that these sections empower the trial court, in its sole discretion, to determine if transcripts should be ordered under section 299 free of charge, or under section 302 whereby the stenographer is to be paid (123 Misc 2d 627). Special Term also declared null and void the directive of Justice Roy dated May 12, 1981, and all other directives issued by an Administrative Judge of the State, which seek to compel a Trial Judge to order a transcript pursuant to a particular section of the Judiciary Law. Defendants appeal, contending that the determination concerning payment of court reporters is an administrative function conferred upon them by the NY Constitution (art VI, § 28) and may not be exercised by a trial court.

We disagree with the holding of Special Term. After reviewing the language and the legislative history of both sections, we conclude that they cannot be reconciled and that section 299 has been repealed by implication. Nothing in the language of these sections indicates a legislative intent to permit the Trial Judge to decide whether a court reporter should be paid for transcripts ordered by him. Moreover, such a construction would be unreasonable. The Legislature has provided no standards for the exercise of this discretion and we may not rewrite the statute by adding our own. Such unbridled discre-

tion would lead to disparate results; court reporters would be paid or not depending solely upon the inclination of the particular Judge who ordered the transcript.

Nor can we construe these sections as delegating authority to the Office of Court Administration to make the choice. Not only do the sections contain no language to support that construction, but so construed and lacking standards they would be invalid as an unconstitutional delegation of legislative authority *(see, Packer Coll. Inst. v University of State of N. Y.,* 298 NY 184, 189-190; *cf. Matter of Shattenkirk v Finnerty,* 97 AD2d 51, 54, *affd for reasons stated below* 62 NY2d 949).

We must turn to the legislative history of these sections to discover the legislative intent. Both are derived from the Code of Civil Procedure (Code Civ Pro §§ 85, 86).[1] Code of Civil Procedure § 85 contained the same language as present in Judiciary Law § 299.[2] Code of Civil Procedure § 86, when first enacted, contained no provision authorizing payment for transcripts furnished for the use of a Judge. It provided: "Each stenographer, specified in this act, must likewise, upon request, furnish, with all reasonable diligence, to the defendant in a criminal cause, or a party, or his attorney in a civil cause, in which he has attended the trial or hearing, a copy, written out at length from his stenographic notes, of the testimony and proceedings, or a part thereof, upon the trial or hearing, upon payment, by the person requiring the same, of the fees allowed by law. If the district-attorney or the Attorney-General requires such a copy, in a criminal cause, the stenographer is entitled to his fees therefor; but he must furnish it, upon receiving a certificate of the sum to which he is so entitled; which shall be a county charge, and must be paid by the county treasurer, upon a certificate, like other county charges." (L 1876, ch 448, § 86.)

In 1906 the second sentence of Code of Civil Procedure § 86 was amended by inserting the words "judge presiding at the trial in a criminal cause", so that the second sentence read as follows (L 1906, ch 388, § 1): "If the district attorney, the attorney-general *or the judge presiding at the trial in a*

---

1. L 1876, ch 448; L 1877, chs 318, 416.

2. The second sentence of section 85 obviously referred to Code of Civil Procedure §§ 251, 253, 289 and 300, which authorized a Judge, in certain cases, to direct the parties or the county treasurer to pay for transcripts ordered by him. These sections were omitted when Code of Civil Procedure §§ 85 and 86 were reenacted in the Judiciary Law.

*criminal cause,* requires such a copy, the stenographer is entitled to his fees therefor, but he must furnish it upon receiving a certificate of the sum to which he is so entitled, which shall be a county charge and must be paid by the county treasurer upon the certificate like other county charges" (emphasis added). Thus, for the first time there was some inconsistency between sections 85 and 86, but they still could be read together. Section 85 provided that stenographers, upon request, were to furnish transcripts to Judges free of charge, and section 86 provided that if a Judge ordered a transcript in a criminal case, the stenographer was entitled to his fees. After this amendment, section 86 applied to transcripts furnished to Judges in criminal cases and section 85 still had effect in civil cases.

In 1912, the Court of Appeals construed Code of Civil Procedure § 86 as it stood in 1904 (before the 1906 amendment). In *Moynahan v City of New York* (205 NY 181), plaintiff, an official stenographer, brought an action to recover fees for transcribing and furnishing to the Trial Judge in a criminal case daily copy of his stenographic notes. In sustaining the judgment in favor of the stenographer, the Court of Appeals wrote: "[A] justice of the Supreme Court presiding at a trial lasting for several days and involving a criminal charge of the most serious character * * * should be held to have the inherent power at public expense to order a copy of the stenographer's minutes when requisite to enable him properly to discharge the duties imposed upon him." *(Moynahan v City of New York, supra,* pp 187-188.)

The court then discussed Code of Civil Procedure § 85 (predecessor to Judiciary Law § 299), which provided that the stenographer furnish to the Judge with all reasonable diligence *and without charge* a copy of his stenographic notes. The court stated that this section is not applicable to a case where a stenographer is required to furnish a transcript from day to day. The court held: "[Section 85] covers an instance where the stenographer at his reasonable convenience and under ordinary circumstances after a case has been closed, writes out his minutes and furnishes a transcript thereof, and it should not be held to require a stenographer to furnish without compensation a daily copy under a much greater strain and at a much larger expense than would be incident to writing out minutes at his leisure. Therefore, if a judge presiding at a trial felt it necessary to have a transcript from day to day a stenographer would be entitled to reasonable

compensation because of the greater work and greater expense incurred in providing such copy." *(Moynahan v City of New York, supra,* pp 189-190.) Thus, the court, relying on the statutory language, "with all reasonable diligence", limited the operation of section 85 to cases where the stenographer furnished a transcript "at his reasonable convenience and under ordinary circumstances after a case has been closed". It refused to apply the section to cases where day-to-day transcripts were provided.

The court then commented upon the 1906 amendment: "As indicating public appreciation of the necessity liable to arise for possession from day to day of a transcript of the evidence by the presiding judge in a criminal case, it is to be noted that the statute [Code Civ Pro § 86, now Judiciary Law § 302] now removes any question concerning his right thereto by providing that the same shall be supplied at public expense." *(Moynahan v City of New York, supra,* p 190.) We do not construe this dictum as restricting the application of the 1906 amendment. On its face, the amendment applied to all transcripts ordered by a Judge in a criminal case and there appears to be no legislative intent to the contrary.

In 1936, after Code of Civil Procedure § 86 was reenacted as Judiciary Law § 303, it was again amended (L 1936, ch 165) to apply to transcripts furnished to Judges in civil cases as well as in criminal cases.[3] That amendment made the language of the two sections totally inconsistent and rendered Judiciary Law § 299 (formerly Code Civ Pro § 85), of no effect.

The purpose of the amendment, as explained by its sponsor, was "to allow court stenographers the statutory fees for furnishing a copy of the testimony and proceeding or part thereof in civil actions when such a copy is required by the Presiding Judge, Attorney General or District Attorney."[4] Thus, it appears that the Legislature, in amending the predecessor section to present Judiciary Law § 302, intended that

---

3. Laws of 1936 (ch 165) amended the second sentence of Judiciary Law § 303 (formerly Code of Civil Procedure § 86) to read in part: "If the district attorney, the attorney-general or the judge presiding at the trial in a *civil or* criminal cause, requires such a copy, the stenographer is entitled to his fees therefor". (Emphasis added.)

4. In his letter to the Attorney-General requesting the Governor to sign the bill, the sponsor wrote: "Is it not only fair and equitable that court stenographers should be entitled to the statutory fees in civil as well as criminal cases, particularly when the above named officers require the minutes of a trial?" (Letter of Assemblyman Harold J. Armstrong dated Mar. 18, 1936, contained in bill jacket to L 1936, ch 165.)

court reporters be paid for transcripts furnished not only in criminal cases, but in civil cases as well. Since Judiciary Law § 299 provides otherwise, it must yield to the latest expression of legislative intent as embodied in Judiciary Law § 302 *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 398).[5]

Accordingly, the judgment insofar as appealed from should be reversed and judgment granted declaring that Judiciary Law § 299 has been repealed by the 1936 amendment to section 302 (formerly § 303).

DILLON, P. J., DENMAN, GREEN and O'DONNELL, JJ., concur.

Judgment unanimously reversed on the law with costs to plaintiffs and judgment granted, in accordance with opinion by Boomer, J.

---

5. We note that our holding is consistent with the Rules for Reporters in the Fourth Department (22 NYCRR 1027.1) and not inconsistent with the Rules of the Chief Administrator of the Courts relating to payment for transcripts (22 NYCRR 108.2).