■ METROPOLITAN MULTI-HOUSING LAUNDRY ASSOCIATION et

al., Appellants, v NEW YORK CITY DEPARTMENT OF FINANCE et al., Respondents.—In an action, *inter alia,* for a judgment declaring that rents paid for premises occupied by vending machines are not taxable under the New York City Commercial Rent or Occupancy Tax Law, the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated March 29, 1990, which, *inter alia,* denied their motion for summary judgment and granted the defendants' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendants' cross motion for summary judgment is denied, the plaintiffs' motion for summary judgment is granted, and the matter is remitted to Supreme Court, Kings County, for entry of a judgment declaring that rents paid for premises occupied by vending machines are not taxable under the New York City Commercial Rent or Occupancy Tax Law (Administrative Code of City of NY § 11-701 *et seq.),* and that Commercial Rent Tax Regulations, art 18, § 7, to the extent it provides to the contrary, is invalid.

It is well settled that "[r]epeal or modification of legislation by implication is not favored in the law" *(Matter of Consolidated Edison Co. v Department of Envtl. Conservation,* 71 NY2d 186, 195). In determining whether there has been an implied repeal or modification of a legislative enactment, the intent of the legislative body is paramount *(Alweis v Evans,* 69 NY2d 199, 205). Since it is not clear that the New York City Council intended to terminate the deduction from base rent for rent paid for premises occupied by vending machines when it repealed the Public Housing Occupancy Tax for tax periods ending after July 15, 1981, we must find that such exemption still exists. In the absence of legislative intent to the contrary, it was error for the Supreme Court to conclude otherwise *(Alweis v Evans, supra).*

We find it unnecessary to reach a determination of the plaintiffs' remaining contention. Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.