Karen M. Wilutis, Esq. Informal Opinion Town Attorney No. 2004-12 Town of Brookhaven 1 Independence Hill Farmingville, NY 11788
Dear Ms. Wilutis:
You have asked (1) whether council members in the Town of Brookhaven, which recently adopted the ward system of election, are subject to the two-year term of office provided for in Town Law § 85, or whether they continue to hold four-year terms pursuant to special state legislation enacted in 1959; and (2) what term limits, if any, are applicable to those council members.
We conclude that upon Brookhaven's adoption of the ward system, the term of office of town council members became two years, notwithstanding the reference to four-year terms in the special state law. As to the second question, we believe the applicability of term limits depends upon an interpretation of local law, a task best left to local officials familiar with local conditions and the intent of the local legislative body.
BACKGROUND
At issue here is the interplay between certain provisions of the Town Law and special state legislation enacted in 1959 which authorized the Town of Brookhaven to change its classification from a town of the second class to a town of the first class. See
L. 1959, ch. 841, § 1 (hereinafter the "1959 Act"). We therefore describe the relevant statutes before turning to our analysis.
Towns in New York are generally classified as either "first class" or "second class" towns according to whether they have a population of 10,000 or more[1]. See Town Law § 10; see also id. § 11(1) (providing for mandatory reclassification upon population growth). However, certain towns, including all towns in Suffolk County, are defined in the Town Law as towns of the second class regardless of their population. See id. §§ 10, 11(1). Town Law §12 provides authorization for such towns, if they meet specified criteria, to opt to become first class towns through adoption of a proposition or by town board resolution subject to a permissive referendum. See id. § 12(1). Upon transition to first class status, the number of town council members is increased from two to four. See id. §§ 12(4)(b), 20(1)(a),(b). Town Law § 24 provides that these council members will serve staggered four-year terms: At the initial election following reclassification, two council members are elected to serve two-year terms and two are elected to serve four-year terms. Thereafter, two members are elected every two years to serve four-year terms. Id. § 24. Once a town is classified as a first class town, it may increase the number of council members to six or decrease the number to two by proposition submitted at a town election. See id. § 81(2)(a),(c);cf. id. § 20(1)(a) ("Every town of the first class shall have . . . four town councilmen, unless the number of councilmen shall have been increased to six or decreased to two as provided by this chapter.").
Other provisions of the Town Law authorize the adoption of the ward system of election by first class towns and govern the terms of office of council members under such a system. See Town Law §§81(2)(b), 85. Under the ward system, council members are no longer elected by the town at large to serve four year terms; instead, the town is divided into distinct wards, one for each council member position, and "one resident elector of each ward shall be elected as councilman therefrom for a term of two years." Id. § 85(1) (emphasis added). Thus, when a town adopts the ward system, the staggered four-year terms provided for in Town Law § 24 give way to uniform two-year terms. See id.
Brookhaven became a town of the first class on January 1, 1960.See Wells v. Warner, 203 N.Y.S.2d 214, 216 (Sup.Ct. Suffolk County 1960). It did not carry out the reclassification under Town Law § 12, however, but rather proceeded pursuant to special legislation — i.e., the 1959 Act. This legislation was introduced at the unanimous request of Brookhaven's Town Board. As set forth in a memorandum submitted on behalf of the Town in support of the legislation, the special law was necessary for two reasons.
The first reason relates to the status of offices known as the "Trustees of the Freeholders and Commonalty of the Town of Brookhaven," positions provided for in the colonial land grants and patents that established the Town prior to the existence of New York State. See Memorandum as to Need for Special Legislation and Outline of Proposed Provisions Therefor, reprinted in Bill Jacket for ch. 841 (1959), at 7 (hereinafter, the "1959 Memorandum"). After the creation of New York State, the powers of the Trustees were "confined to the control of the common townlands, title to which is vested in them," and although there was some overlapping responsibility between the duties of the Trustees and the Town Board, it was felt that the trustee positions could not be constitutionally eliminated. Id. One purpose of the 1959 Act was therefore to clarify the status and duties of Brookhaven's Trustees upon reclassification to a first class town, an issue nowhere addressed in the general Town Law. The 1959 Act resolved the matter by terminating the terms of the existing Trustees and providing that thereafter the Trustees' offices would be held by the members of the Town Board ex officio.See 1959 Act § 4.
The other reason the 1959 Act was deemed necessary was to ensure that Brookhaven would have the appropriate number of town officers after its reclassification to a first class town. Pursuant to earlier special legislation, Chapter 94 of the Laws of 1854, Brookhaven had eight justices of the peace, who also served by virtue of that position as members of the Town Board. It was the belief of Brookhaven's Town Board in 1959 that if the reclassification proceeded without special legislation, the Town would retain all of the justice positions and would in addition gain four council member positions pursuant to the terms of Town Law § 12. See 1959 Memorandum, at 4. Thus, in order to establish a more appropriate number of town officials, the 1959 Act expressly repealed Chapter 94 of the Laws of 1854, reduced the number of justices of the peace in Brookhaven from eight to four, and established six council member positions instead of four[2]. See
1959 Act §§ 1, 5.
The 1959 Act also provided, in language similar to that set forth in Town Law § 24, that council members would serve staggered four-year terms of office:
 Upon its determination as herein provided to become a town of the first class, the town of Brookhaven shall elect . . . three town councilmen for terms of four years each and three town councilmen for terms of two years each and thereafter at each biennial election three town councilmen shall be elected for terms of four years.
1959 Act § 2.
Finally, the 1959 Act contained provisions indicating that it was not intended to displace the general Town Law in matters unrelated to Brookhaven's reclassification as a first class town. It expressly provided that "[u]pon becoming a town of the first class the town of Brookhaven shall be subject to all the provisions of the town law except as herein provided." 1959 Act § 3(c); see alsoid. § 1 (the resolution establishing Brookhaven as a first class town "shall also provide that in all other respects the provisions of the town law relating to towns of the first class not inconsistent therewith shall apply to the town of Brookhaven upon its change of classification").
ANALYSIS
A. Terms of Office
On January 22, 2002, the Town of Brookhaven established the ward system for the election of council members, adopting a proposition to that effect pursuant to Town Law § 81[3]. Your question regarding terms of office for Brookhaven's council members is based upon the apparent conflict between the provision of the 1959 Act that provided for staggered four-year terms upon reclassification to first class status and Town Law § 85(1), which provides for two-year terms upon adoption of the ward system. See
Statutes § 397, 1 McKinney's Cons. Laws of N.Y. at 574 (1971) ("A special statute which is in conflict with a general act covering the same subject matter controls the case and repeals the general statute insofar as the special act applies."). For the reasons given below, we believe that those two statutes are not in conflict, and therefore conclude that Town Law § 85 is controlling in the present circumstances.
Ordinarily, when a town adopts the ward system, the terms of council members are reduced from the staggered four-year terms provided for in Town Law § 24 to two years pursuant to Town Law §85. In our view, the four-year terms under the 1959 Act, like those under Town Law § 24, must give way to two-year terms under Town Law § 85 upon adoption of the ward system.
Section 2 of the 1959 Act, like Town Law § 24, addresses terms of office upon first becoming a first class town. It establishes staggered four-year terms by providing for an initial election of three council members for two-year terms and three for four-year terms, with the election of three members for four-year terms at each biennial election thereafter. Nothing in this provision indicates that the four-year terms must remain in place even after subsequent changes to the town's governance structure.
We find nothing else in the 1959 Act that would prevent Town Law §85 from having its ordinary effect here. As noted, the 1959 Act expressly provides that "the town of Brookhaven shall be subject to all the provisions of the town law except as herein provided." 1959 Act § 3(c); see also id. § 1 (the resolution establishing Brookhaven as a first class town "shall also provide that in all other respects the provisions of the town law relating to towns of the first class not inconsistent therewith shall apply to the town of Brookhaven upon its change of classification"). We believe the provision of the 1959 Act providing for four-year terms of office was intended to have the same effect as the substantially similar provision in Town Law § 24: to establish staggered four-year terms upon reclassification to first class status, without precluding the establishment of a different term following adoption of the ward system, if such event occurs. Thus, there is no inconsistency between the reference to four-year terms in the 1959 Act and the establishment of two-year terms pursuant to Town Law § 85.
We think it significant that none of the purposes animating the 1959 Act relates to the ward system of election. As addressed above, the 1959 Act was deemed necessary to account for the Trustees of Brookhaven, an issue unique to that town, and to adjust the number of town officers upon reclassification to first class status. Those purposes are unrelated to the ward system of election, the matter governed by Town Law § 85. In view of the distinct purposes of the relevant statutes, and absent any explicit statement from the Legislature, we do not believe that the 1959 Act was intended to preclude application of Town Law §85.
Our conclusion that Brookhaven council members serve two-year terms of office pursuant to Town Law § 85 is supported byD'Addario v. McNab, 73 Misc.2d 59 (Sup.Ct. Suffolk County 1973), a case also involving the interaction of Town Law § 85 and the 1959 Act. There, the plaintiff argued that the original patent establishing the Brookhaven Trustees, together with the 1959 Act, precluded establishment of the ward system in the Town of Brookhaven. Rejecting that argument, the court determined that "[n]othing contained in [the 1959 Act] precludes the Town of Brookhaven from availing itself of the benefits of section 85."Id. at 67[4].
B. Term Limits
Section 20-62 of the Town Code of the Town of Brookhaven provides: "A Councilman may serve up to three (3) four- (4) year terms regardless of whether said terms are served consecutively or nonconsecutively." The authority of a local government to enact local laws limiting the terms of elected officials has been upheld by judicial decision, see Roth v. Cuevas,158 Misc.2d 238
(Sup.Ct. N.Y. County), aff'd, 192 A.D.2d 369
(1st Dep't), aff'd for reasons stated at Supreme Court,82 N.Y.2d 791 (1993), and recognized in prior opinions of this office, see Op. Att'y Gen. (Inf.) No. 95-29; Op. Att'y Gen. (Inf.) No. 83-10.
As noted, pursuant to Town Law § 81, municipalities also have authority to adopt the ward system of election, as Brookhaven did by voter-initiated proposition on January 22, 2002. As discussed above, under the ward system one council member is elected from each ward to serve a term of two years.
Insofar as section 20-62 of Brookhaven's Town Code contemplates four-year terms of office for council members, it is inconsistent with the two-year terms put in place when Brookhaven moved to the ward system. Ordinarily, where one local enactment appears to be inconsistent, at least in part, with prior local legislation, the question arises whether the later provision may have impliedly modified or repealed the earlier one[5]. However, we believe the doctrine of implied repeal has little bearing on the question of the continuing effect, if any, of Brookhaven's term limits provision.
Significantly, "[t]he intent of the Legislature is the controlling factor in determining the question of implied repeal of a statute by a subsequent statute." Statutes § 392, 1 McKinney's Cons. Laws of N.Y. at 559 (1971); see also Metropolitan Multi-Housing LaundryAss'n v. New York City Dep't of Finance, 184 A.D.2d 759, 760 (2d Dep't 1992) ("In determining whether there has been an implied repeal or modification of a legislative enactment, the intent of the legislative body is paramount."), lv. denied, 81 N.Y.2d 705
(1993). Here, however, the later enactment — i.e., the one establishing the ward system — was enacted not by the local legislature but directly by the electors following submission of a petition. The electors, however, are not empowered directly to repeal Brookhaven's term limits provision, since only propositions and referenda specifically authorized by constitutional or statutory authorities are permissible, and no voter-initiated proposition or referendum on term limits has been authorized. See Op. Att'y Gen. (Inf.) No. 95-29. Because the electors of Brookhaven have no authority to repeal the term limits provision, their intent regarding such repeal — the touchstone of an implied repeal analysis — is immaterial.
Thus, we believe the issue depends upon the local legislative intent in enacting the term limits law. Did the Town Board intend that its members would serve no more than three terms, even if the length of the term was changed by the electorate? Or did the Board intend that its members would serve no more than a total of 12 years? Alternatively, did the Town Board intend the term limits rule to apply only for so long as the council members continued to serve four-year terms?
It is our general policy not to opine on issues that depend upon a determination of local legislative intent, as that task is best left to local officials who are familiar with local conditions and the intent of the local legislative body. Inasmuch as we have concluded that application of the Town's local term limits law under the ward system turns on the intent of the Town Board in enacting the local law, we believe this issue is best determined by your office in consultation with local officials. Of course, the Town Board may, if it chooses, take legislative action to determine whether and how term limits will apply to council members under the ward system.
CONCLUSION
We conclude that the town council members in the Town of Brookhaven serve two-year terms of office pursuant to Town Law §85 and that the applicability of the pre-existing local term limits law depends upon the intent of the Town Board in enacting that provision.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions GREGORY SILBERT Assistant Solicitor General
[1] First and second class towns differ in their organizational structure. Compare Town Law § 20(1)(a) (first class towns) with Town Law § 20(1)(b) (second class towns)
[2] Special legislation was not strictly necessary to establish six council-member positions since, as noted, Town Law § 81(2)(a) permits towns of the first class to increase the number of council members from four to six. By providing for six council members immediately upon Brookhaven's transition to a first class town, however, the 1959 Act ensured that Brookhaven would have an adequate number of legislators without need for a subsequent proposition.
[3] The ward system went into effect with the November 2003 elections for terms commencing January 1, 2004.
[4] In the quoted sentence, the court mistakenly refers to section 85 "of the Municipal Home Rule Law," instead of the Town Law. Because the court's statement appears amidst an extended discussion of Town Law § 85, and because the Municipal Home Rule Law contains no section 85, it is clear that the intended reference was to Town Law § 85.
[5] Notably, "implied repeal or modification of a preexisting law is distinctly disfavored." Local Gov't Assistance Corp. v. Sales TaxAsset Receivable Corp., 2 N.Y.3d 524, 544 (2004); see also
Statutes § 391, 1 McKinney's Cons. Laws of N.Y. at 559 (1971).